UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| MILTON VALENTINE, | 1:20-cv-7910 (NLH) |
| Petitioner, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| NEW JERSEY STATE PAROLE BOARD, et al., | |
| Respondents. | |

---

**APPEARANCES**:

Milton Valentine
585713C
Southern State Correctional Facility
4295 Route 47
Unit 8L
Delmont, NJ 08314

    Petitioner pro se

**HILLMAN, District Judge**

    WHEREAS, Petitioner Milton Valentine filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the New Jersey State Parole Board's decision denying him release in light of the COVID-19 pandemic, see ECF No. 1; and

    WHEREAS, the Court issued an order pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) informing Petitioner of his options to either convert the § 2241 petition into a petition under 28 U.S.C. § 2254, and the consequences of so doing, or to


have the Court screen under § 2241, see ECF No. 2; and

WHEREAS, Petitioner has written the Court and asked to convert his petition into a § 2254 petition, see ECF No. 3; and

WHEREAS, in accordance with the Court's June 30, 2020 order and Petitioner's wishes, the Court will order the Clerk to convert this action into an action brought under 28 U.S.C. § 2254; and

WHEREAS, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal and determined that dismissal without an answer and production of the record is not warranted,

THEREFORE, IT IS on this  16th   day of July, 2020

ORDERED that the Clerk shall convert this action into an action brought under 28 U.S.C. § 2254; and it is further

ORDERED that the Clerk shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau") at dcj-efile@njdcj.org, in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

ORDERED also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best

efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the Order to Answer; and it is further

ORDERED that, where the Petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a Motion to Dismiss the Petition on timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an Answer to the merits of the Amended Petition is unnecessary; and it is further

ORDERED that, if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that, if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

ORDERED that, if the Motion to Dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims; and it is further

ORDERED that if Respondents do not file a Motion to Dismiss

the Petition, they shall file a full and complete answer to all claims asserted in the Amended Petition within forty-five (45) days of the entry of this Order; and it is further

ORDERED that Respondents' answer shall respond to each factual and legal allegation of the Amended Petition, in accordance with Habeas Rule 5(b); and it is further

ORDERED that Respondents' answer shall address the merits of each claim raised in the Amended Petition by citing to relevant <u>federal</u> law; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

ORDERED that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

ORDERED that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, see Habeas Rule 5(e); it is further

ORDERED that any request to deviate from this Order shall be by motion; and it is further

ORDERED that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and is finally

ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

5