**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MILTON VALENTINE,

    Petitioner,

v.

NEW JERSEY STATE PAROLE BOARD, et al.,

    Respondents.

Civil Action No. 20-7910 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner Milton Valentine's Petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (ECF No. 1 as reconstrued by ECF No. 4.) Following an order to answer, Respondents filed a response to the Petition. (ECF No. 5.) Petitioner did not file a reply. For the following reasons, this Court will dismiss the Petition, and will deny Petitioner a certificate of appealability.

**I.**    **BACKGROUND**

In September 2019, Petitioner was sentenced to five years' imprisonment following a guilty plea to compelling another to engage in prostitution. (ECF No. 6 at 30.) Based on the nearly six hundred days of jail credits Petitioner received, he became eligible for parole shortly after the onset of his sentence, resulting in a parole hearing in November 2019. (*Id.* at 4.) Following that hearing, a panel of the New Jersey State Parole Board denied Petitioner parole in December 2019. (*Id.*) Petitioner was given a twenty-month future parole eligibility term. (*Id.* at 3.) Petitioner filed an

administrative appeal of that decision, and the denial of parole was affirmed in March 2020. (*Id.* at 13-16.) Following the adoption of the state's COVID-19 protocols related to parole decisions, that decision was automatically reconsidered by the parole board panel on May 6, 2020, and Petitioner was once again denied parole. (*Id.* at 3.) Petitioner did not appeal this reconsideration to the entire board, nor did he appeal either parole decision to the state appellate division or supreme court. (ECF No. 1 at 3, ECF No. 5-1 at 2-3.)

In June 2020, Petitioner was also considered for, and denied transfer to emergency medical home confinement under the State's COVID-19 protocols. (*Id.* at 77.) Although a public defender filed a dispute as to that decision on Petitioner's behalf, the Department of Correction issued a final administrative decision denying furlough or release to home confinement on July 22, 2020. (*Id.* at 140.) Petitioner did not appeal that decision to the state appellate division or supreme court. (ECF No. 1 at 3, ECF No. 5-1 at 2-3.) Instead, Petitioner filed his habeas petition in this matter on June 29, 2020. (ECF No. 1.) In that petition, he challenges the parole board's denial of release on parole based on Petitioner's COVID-19 related concerns. (*Id.*)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give

great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta[,]" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. DISCUSSION

In their response to the habeas petition, Respondents contend that Petitioner's claims must be dismissed as Petitioner did not fully exhaust his claims through appeals to the state courts following the entry of administrative decisions denying Petitioner release. A habeas petition "cannot proceed unless all meritorious claims have been exhausted in state court." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014). To satisfy the exhaustion requirement, "state

3

prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

Pursuant to the decision of the New Jersey Supreme Court in *Matter of Request to Modify Prison Sentences*, 242 N.J. 357, 388 (2020), a prisoner seeking release based on COVID-19 related concerns, after being denied parole or release on that basis, must first administratively appeal the denial. Following the entry of a final administrative decision, an unsatisfied prisoner may thereafter appeal that denial of release to the Superior Court of New Jersey – Appellate Division. *Id.* at 389-90. Adverse decisions on that level can then be appealed to the New Jersey Supreme Court. *Id.* To exhaust a COVID-19 related parole or home release claim, a New Jersey prisoner must therefore appeal the decision of the parole board or other official until a final administrative decision is issued, and must thereafter appeal his claims to the Appellate Division, and ultimately the state supreme court. *See, e.g., McArthur v. New Jersey State Parole Board*, No. 20-7316, 2020 WL 3577834, at *1 (D.N.J. July 1, 2020). A failure to complete all of these steps prior to filing a habeas petition therefore constitutes a failure to exhaust, and will result in the dismissal of the habeas petition without prejudice. *Id.* at *1-2.

In this matter, Petitioner admits in his habeas petition that he did not appeal his parole denial beyond the administrative level, and Petitioner has not disputed Respondents contention that he appealed neither his parole or his furlough denial to the Appellate Division or state supreme

4

court. It is thus clear that Petitioner failed to fully exhaust his claims. *Id.* Petitioner's habeas petition is therefore dismissed without prejudice[1] as such. *Id.*

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "[A petitioner] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's petition is unexhausted and must be dismissed without prejudice as such, Petitioner's

---

[1] The Court additionally notes that it appears that Petitioner may well have completed his sentence insomuch as his maximum date was listed in the parole denial paperwork as being in April 2022. (*See* ECF No. 6 at 4.) To the extent that the particular period of incarceration Petitioner sought to challenged ended in April, he would no longer be in custody sufficient to support an exercise of habeas jurisdiction in this matter. *See, e.g., Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (habeas jurisdiction only available where petitioner is "in custody" pursuant to the challenged judgment). It thus appears that Petitioner's having reached his release date may also mandate the dismissal of this matter for want of jurisdiction. Because neither party has updated the Court as to Petitioner's custody status, and it is conceivable that some complication may have resulted in Petitioner remaining in custody longer than anticipated, and because Petitioner's habeas petition shall be dismissed in any event, this Court need not further inquire into the custody issue at this time.

habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner is denied a certificate of appealability.

## V.     CONCLUSION

In conclusion, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge